**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1452
_____

YINZHU QUAN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-524-755)
Immigration Judge:  Henry S. Dogin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 13, 2013

Before: RENDELL, FISHER and GARTH, Circuit Judges

(Opinion filed September 17, 2013)
_____

OPINION
_____

PER CURIAM

     Appellant, Yinzhu Quan, a Chinese national of Korean descent, seeks review of a

final order of the Board of Immigration Appeals (BIA) denying her third motion to

reopen her removal proceedings. For the reasons that follow, we will deny the petition for review.

In 2007, Quan applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Subsequently, she was charged with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. At a hearing before an immigration judge (IJ) on April 11, 2008, Quan conceded removability and withdrew her other applications for relief. The IJ then granted Quan's request for voluntary departure. This was the final administrative decision as Quan waived her right to appeal.

On July 9, 2008, Quan filed a motion to withdraw her voluntary departure and to reopen her removal proceedings. The IJ granted the motion to withdraw her voluntary departure, but denied the motion to reopen. Quan's appeal to the BIA was denied. In 2011, Quan filed a second motion to reopen with the BIA, which the Board denied, finding that it was untimely filed and exceeded the numerical limitation for motions to reopen. She did not file a petition for review. On August 1, 2012, Quan filed her third motion to reopen with the Board on the basis of changed country conditions; it was denied as time and number barred. The Board also determined that Quan did not meet any of the exceptions that would allow her to file an untimely or third motion to reopen. Quan has petitioned for review of the Board's order.

Because the denial of a motion to reopen is a final order, we have jurisdiction under 8 U.S.C. § 1252(a). We review the denial of a motion to reopen for an abuse of

discretion, <u>Filja v. Gonzales</u>, 447 F.3d 241, 251 (3d Cir. 2006), reversing only if the BIA's decision is "arbitrary, irrational, or contrary to law." <u>Sevoian v. Ashcroft</u>, 290 F.3d 166, 174 (3d Cir. 2002). We must uphold the BIA's factual determinations underlying the denial of the motion to reopen if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." <u>Zheng v. Att'y Gen.</u>, 549 F.3d 260, 266 (3d Cir. 2008) (citation omitted).

Generally, an alien is limited to one motion to reopen, which must be filed within 90 days of the final administrative order. <u>See</u> 8 U.S.C. § 1229a(c)(7)(C)(i). There are no time or number limits, however, where the motion is based on changed country conditions, and the evidence supporting the motion could not have been discovered or presented at the previous proceeding. <u>See</u> § 1229a(c)(7)(C)(ii). In her asylum application, Quan asserted that she had been the harassed by Chinese police because of her efforts to aid North Korean refugees, and that she feared persecution because of her pro-democracy activities. In support of her argument that country conditions had changed since the final administrative order, Quan first maintained generally that the government was further penalizing dissidents after Wang Lijun, a vice-mayor of Chongqing and former regional police official, sought asylum from the United States Consulate. Specifically, she claimed that, in light of this event, Chinese government officials have "reinvestigated [her] case." Quan also alleged that ethnic Korean dissidents are being more severely penalized. Finally, she asserted that her mother had been threatened because of the "repeated publicizing" of pro-democracy articles written

3

by Quan. The Board did not act arbitrarily in concluding that these claims, which were wholly unsupported, were insufficient to demonstrate changed country conditions.

Quan also asserted in her motion that the Chinese government had arrested her friend, Gui Rong Yang, and charged her with "instigation of subversion of state power" for disseminating political materials which Quan had provided to her. Quan maintains that Chinese officials know she is the source of the materials and that she will be "severely penalized" should she return to China. To support this claim, she submitted Yang's "Notice of Bail Fee Levying" dated May 31, 2012. Contrary to her arguments on appeal, the BIA properly determined that Quan had failed to demonstrate a nexus between this notice and herself. Moreover, Quan failed to authenticate the document in any manner. Therefore, discounting this evidence was clearly not an abuse of discretion. See Chen v. Att'y Gen., 676 F.3d 112, 117 (3d Cir. 2011) (noting that evidence may be discounted where the claimant failed to authenticate it "by any means at all").

Finally, Quan argued that her counsel was inexperienced, unprepared, and under the influence of alcohol at the time of the removal proceedings. Although an ineffective assistance of counsel claim may warrant the tolling of the time on a motion to reopen, Mahmood v. Gonzales, 427 F.3d 248, 252 (3d Cir. 2005), we have not decided whether the numerical limit on motions to reopen may be equitably tolled. See Luntungan v. Att'y Gen., 449 F.3d 551, 557 (3d Cir. 2006). As the Board noted, Quan failed to raise the ineffectiveness claim in her first motion to reopen, despite being represented by new counsel. She also does not contend that her new counsel was ineffective. Accordingly,

4

even assuming that the numerical limit is subject to tolling, because there was clearly a lack of due diligence, the Board correctly concluded it would not apply here.  Mahmood, 427 F.3d at 252 (requiring due diligence to support an equitable tolling claim).

We agree with the Board that Quan's other arguments do not provide a basis for exemption from the time and number limits on motions to reopen.  Accordingly, we will deny the petition for review.